# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

LINDA S. STEPHENS,  )
                Plaintiff,  )
vs.  )  Civil No. 17-cv-391-JPG-CJP
NANCY A. BERRYHILL,  )
Acting Commissioner of Social Security,  )
                Defendant.  )

## MEMORANDUM AND ORDER

In accordance with 42 U.S.C. § 405(g), plaintiff Linda S. Stephens, represented by counsel, seeks judicial review of the final agency decision denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to 42 U.S.C. § 423.

## Procedural History

Ms. Stephens applied for benefits in May 2013, alleging a disability beginning in May 2011. However, because a prior application had been denied as of May 10, 2013, the issue for the ALJ was whether she was disabled at any time after that date. After holding an evidentiary hearing, ALJ Lisa Leslie denied the application on March 28, 2016. (Tr. 18-31.) The Appeals Council denied review, and the decision of the ALJ became the final agency decision subject to judicial review. (Tr. 1.)

Administrative remedies have been exhausted and a timely complaint was filed in this Court.

## Plaintiff's Arguments

Plaintiff raises the following points:

1.      The ALJ failed to account for plaintiff's limitations in ability to maintain

1

concentration, persistence or pace in assessing plaintiff's mental residual functional capacity (RFC).

2. The ALJ's finding at step five was not supported by substantial evidence because the vocational expert testified only about the numbers of other jobs available at a national level.

**<u>Legal Standards</u>**

To qualify for benefits, a claimant must be "disabled" pursuant to the Social Security Act. The Act defines a "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The physical or mental impairment must result from a medically demonstrable abnormality. 42 U.S.C. § 423(d)(3). Moreover, the impairment must prevent the plaintiff from engaging in significant physical or mental work activity done for pay or profit. 20 C.F.R. § 404.1572.[1]

Social Security regulations require an ALJ to ask five questions when determining whether a claimant is disabled. The first three questions are simple: (1) whether the claimant is presently unemployed; (2) whether the claimant has a severe physical or mental impairment; and (3) whether that impairment meets or is equivalent to one of the listed impairments that the regulations acknowledge to be conclusively disabling. 20 C.F.R. § 404.1520(a)(4); *Weatherbee v. Astrue*, 649 F.3d 565, 569 (7th Cir. 2011). If the answers to these questions are "yes," then the ALJ should find that the claimant is disabled. *Id.*

At times, an ALJ may find that the claimant is unemployed and has a serious impairment, but the impairment is neither listed in nor equivalent to the impairments in the regulations—

---

[1] The legal standards for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) are largely the same. The above paragraph in this order cites the relevant statutory provisions for DIB, while the SSI provisions are located at 42 U.S.C. §§ 1382c(a)(3)(A), 1382c(a)(3)(D), and 20 C.F.R. § 416.972. Most citations herein are to the DIB regulations out of convenience, but also apply to SSI challenges.

2

failing at step three. If this happens, then the ALJ must ask a fourth question: (4) whether the claimant is able to perform his or her previous work. *Id.* If the claimant is not able to, then the burden shifts to the Commissioner to answer a fifth and final question: (5) whether the claimant is capable of performing *any* work within the economy, in light of the claimant's age, education, and work experience. If the claimant cannot, then the ALJ should find the claimant to be disabled. *Id.*; *see also Simila v. Astrue*, 573 F.3d 503, 512-13 (7th Cir. 2009); *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

A claimant may appeal the final decision of the Social Security Administration to this Court, but the scope of review here is limited: while the Court must ensure that the ALJ did not make any errors of law, the ALJ's findings of fact are conclusive as long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence is evidence that a reasonable person would find sufficient to support a decision. *Weatherbee*, 649 F.3d at 568 (citing *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003)). The Court takes into account the entire administrative record when reviewing for substantial evidence, but it does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Brewer v. Chater*, 103 F.3d 1384, 1390 (7th Cir. 1997); *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). But even though this judicial review is limited, the Court should not and does not act as a rubber stamp for the Commissioner. *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010).

### **The ALJ's Decision**

ALJ Leslie followed the five-step analytical framework described above. She determined that plaintiff had not worked since the alleged onset date and that she was insured for DIB

through December 31, 2016.[2]

The ALJ found that plaintiff had severe impairments of moderate scoliosis, moderate spondylosis, mild osteoarthritis of the knees and hands, major depression, and generalized anxiety disorder. At this step, the ALJ determined that plaintiff had moderate difficulties in ability to maintain concentration, persistence or pace.

The ALJ found that Ms. Stephens had the residual functional capacity (RFC) to perform work at the light exertional level with some physical and mental limitations. The mental limitations were that plaintiff was limited to performing "simple, routine, repetitive tasks but not at a fast pace such as assembly line."

Based upon the testimony of a vocational expert, the ALJ found that plaintiff was capable of performing her past work as a cashier. In the alternative, she was capable of performing other jobs that exist in significant numbers in the national economy.

### The Evidentiary Record

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. The following summary of the record is directed to plaintiff's arguments and is confined to the relevant time period. As plaintiff addresses only her mental limitations, a discussion of the medical evidence related to her physical condition is unnecessary.

1. **Agency Forms**

Plaintiff was born in 1962 and was 51 years old on May 11, 2013. (Tr. 331.) She graduated from high school. She had worked in the past as a cashier, pharmacy technician, receptionist, and bank teller. (Tr. 336.)

In August 2013, she reported that she was depressed and anxious. She was experiencing feelings of uselessness and "crying jags." (Tr. 348.) In January 2014, she reported that she was

---
[2] The date last insured is relevant only to the claim for DIB.

seeing a counselor for depression. (Tr. 368.) She was having problems with completing tasks and concentration. (Tr. 373.)

2. **Evidentiary Hearing**

Plaintiff was represented by an attorney at the evidentiary hearing in December 2015. (Tr. 38.)

Plaintiff testified that she had anxiety and depression. She had been seeing a counselor, Jessica Epperson, for about a year. She had been prescribed Cymbalta, but there was an issue as to whether her insurance would pay for it. She cried every day. About half the time, she was so anxious or depressed or both that she was unable to leave the house. (Tr. 45-46.)

A vocational expert also testified. The ALJ asked the VE a hypothetical question that corresponded to the ultimate RFC findings. The VE testified that this person could do plaintiff's past job as a cashier. She could also do other jobs such as routing clerk, mail clerk, and cafeteria attendant. The VE testified about how many of these jobs existed in the national economy, but did not give numbers for the local economy. (Tr. 50-51.)

3. **Medical Records**

Plaintiff received much of her healthcare from Southern Illinois Healthcare Foundation. In August 2013, she complained of sadness, depression, and difficulty sleeping, and "wants to talk to somebody." She declined a prescription for Celexa and said she wanted to see a counselor. (Tr. 1024.) She began seeing Jessica Epperson, a counselor, in December 2013. (Tr. 1089.) She saw her about once a week through December 2015. (Tr. 1089-1097, 1103-1104, 1128-1186, 1248-1250.)

In November 2015, plaintiff told the family nurse practitioner at Southern Illinois Healthcare Foundation that she was having increased anxiety which interfered with her sleep.

5

She was "crying all the time" and worried about everything. She had not started any medication for this. On exam, she was anxious, depressed and tearful. The nurse encouraged her to start Cymbalta. (Tr. 1226-1229.)

No consultative psychological exam was performed.

4.  **State Agency Consultants' Review**

In August 2013, a state agency psychological consultant completed a Psychiatric Review Technique Form based on a review of the file contents. She concluded that plaintiff had only mild limitations arising from an affective disorder, and that her mental impairment was not severe. (Tr. 76.) A second consultant reached the same conclusion in February 2014. (Tr. 97-98.)

## Analysis

The ALJ's RFC assessment and the hypothetical question posed to the VE must both incorporate all of the limitations that are supported by the record. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). This is a well-established rule. *See Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009)(collecting cases). If the ALJ finds that a plaintiff has a moderate limitation in maintaining concentration, persistence or pace, that limitation must be accounted for in the hypothetical question posed to the VE; in most cases, limiting the plaintiff to simple, repetitive tasks or to unskilled work is not sufficient to account for moderate concentration difficulties. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010).

Here, the ALJ found that plaintiff had moderate difficulties in maintaining concentration, persistence or pace. (Tr. 20.) She made this finding at step three of the sequential analysis when determining whether plaintiff's mental impairments meet or equal a listed impairment. She noted that, while the step three determination is not a mental RFC assessment per se, the ultimate

RFC assessment "reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." (Tr. 20.) However, neither the hypothetical question posed to the VE nor the RFC assessment mentioned a limitation in concentration, persistence or pace. Rather, the ALJ limited plaintiff to "simple, routine, repetitive tasks but not at a fast pace such as assembly line." (Tr. 24.) The hypothetical question posed to the VE used the same language. (Tr. 50.)

The Seventh Circuit has repeatedly held, with exceptions not applicable here, that a limitation to simple, repetitive tasks or unskilled work does not adequately account for a moderate limitation in maintaining concentration, persistence or pace. In *Stewart, supra*, a case decided in 2009, the Court observed: "The Commissioner continues to defend the ALJ's attempt to account for mental impairments by restricting the hypothetical to 'simple' tasks, and we and our sister courts continue to reject the Commissioner's position." *Stewart*, 561 F.3d at 685. The Court has reaffirmed that position several times in recent years. *O'Connor-Spinner, supra; Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014); *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015); *Taylor v. Colvin*, 829 F.3d 799, 802 (7th Cir. 2016); *Lanigan v. Berryhill*, 865 F.3d 558, 565 (7th Cir. 2017).

The Commissioner mainly defends the ALJ's decision by arguing that substantial evidence supported the ALJ's RFC assessment, pointing to evidence suggesting that plaintiff has little or no limitation in concentration, persistence or pace. This argument skirts the issue raised by plaintiff. The ALJ found that plaintiff had moderate limitations in maintaining concentration, persistence or pace; she also said that her RFC assessment would reflect those limitations. The Commissioner acknowledges this finding, but observes that the ALJ also limited her to no fast-paced work such as on an assembly line. (Doc. 20, p. 10.) However, she does not attempt to explain how a limitation to no fast-paced work satisfies the requirements of cases such as *Yurt*,

*O'Connor-Spinner,* and the other cases cited above.

The Seventh Circuit has reiterated in precedential cases decided after *O'Connor-Spinner* that a limitation to simple, repetitive, routine tasks does not account for a moderate limitation in maintaining concentration, persistence or pace. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014); *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015); *Taylor v. Colvin*, 829 F.3d 799, 802 (7th Cir. 2016); *Lanigan v. Berryhill*, 865 F.3d 558, 565 (7th Cir. 2017). All of these cases were decided before the Commissioner filed her brief in this case, but her brief does not discuss them at all.

The bottom line here is that the ALJ found that Ms. Stephens had moderate difficulties in maintaining concentration, persistence or pace and she represented that the RFC assessment would reflect that degree of limitation. Binding Seventh Circuit precedent establishes that a limitation to simple, routine tasks or to unskilled work does not adequately account for a moderate limitation in maintaining concentration, persistence or pace. The Commissioner has not even attempted to distinguish those precedents.

Plaintiff's second point is that the ALJ's finding at step five that there are other jobs that plaintiff can do was not supported by substantial evidence because the VE only testified about job numbers at a national level. However, as defendant argues, any error here would be harmless because the ALJ found that plaintiff could do her past work as a cashier, and the job numbers are irrelevant to that finding.

The ALJ's assessment of plaintiff's RFC was not supported by substantial evidence. Therefore, this case must be remanded to the Commissioner for rehearing. The Court wishes to stress that this Memorandum and Order should not be construed as an indication that the Court believes that plaintiff was disabled during the relevant period, or that she should be awarded

benefits. On the contrary, the Court has not formed any opinions in that regard, and leaves those issues to be determined by the Commissioner after further proceedings.

## Conclusion

The Commissioner's final decision denying Linda S. Stephens' application for DIB and SSI benefits is **REVERSED** and **REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. §405(g).

The Clerk of Court is directed to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**

**DATED: MARCH 28, 2018**

> s/ *J. Phil Gilbert*
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**